UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Fernando Contreras Alcala, ) | Civil Action No.: 4:14-cv-4176-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| Claudia Garcia Hernandez, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**PRELIMINARY INJUNCTION ORDER PROHIBITING REMOVAL OF THE CHILDREN FROM THE JURISDICTION**

This matter was initiated by a Verified Petition filed by Petitioner Fernando Contreras Alcalá under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011, formerly cited as 42 U.S.C. §§ 11601-11611.

This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). Based on their service and appearance at the hearing, the Court likewise has jurisdiction over the parties. Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b).

Pending before the Court is Petitioner's request for a preliminary injunction under 22 U.S.C. § 9004, and Federal Rule of Civil Procedure 65 prohibiting Respondent Claudia García Hernández from removing the two minor children from the jurisdiction during the litigation. Moreover, Petitioner requests friends and family of the Respondent, (1) Lorenza Hernández Pérez; (2) Andrea García Hernández; and (3) José Vazquez, similarly be enjoined from removing the children from the jurisdiction.

The Court conducted a hearing on November 6, 2014, at 9:30 a.m. Present at the hearing were (1) Matthew A. Abee, counsel for Petitioner; (2) Respondent;[1] (3) the children; (4) Lorenza Hernández Peréz; (5) Andrea García Hernández; and (6) José Vazquez. During the hearing, the Court confirmed that:

1. Petitioner had properly served Respondent with the filings in this case;

2. Respondent understood the content of the proceedings;

3. Respondent is residing with José Vazquez and his father at 134 Robin Lane, Darlington, SC 29532;

4. Respondent and the others present understood the prohibitions of this Court's prior Temporary Restraining Order [Docket Entry # 15 (English); #23 (Spanish)]; and

5. Respondents and others present understand and agree that they may not remove the children from the jurisdiction pending the resolution of Petitioner's Verified Petition.

During the hearing, the Court concluded that Respondent had not yet retained legal counsel, but intended to do so. The Court provided Respondent with the contact information for South Carolina legal services, and then scheduled a hearing on the merits for 10:00 a.m., January 6, 2015—sufficient advance warning for Respondent to retain counsel. Respondent is advised, however, that because of the expedited nature of proceedings under the Hague Convention, a continuance request to allow additional time to retain counsel will not be granted absent compelling circumstances. If Respondent cannot obtain counsel from South Carolina Legal Services or another organization, but still would prefer to be represented, it is her responsibility to petition the Court in writing of that request.

Additionally, during the hearing the Court was advised that the parties were interested in coming to an agreement in order to resolve the case by consent order; however, because it now appears that the parties may not be able to come to such an agreement, the Court is prepared to proceed with this matter

---

[1] Also present was Liz Carico, certified federal court translator who was duly sworn.

as expeditiously as possible, *see Maxwell v. Maxwell*, 588 F.3d 245, 250 (4th Cir. 2009), and requests that the parties be prepared to submit motions and any briefing on an expedited basis in accordance with any scheduling order entered in this action.

## **ORDER**[2]

Accordingly, with the consent of the parties and those present at the hearing, it hereby is **ORDERED** that Petitioner's request for a preliminary injunction is **GRANTED** as follows:

**(1)** **CLAUDIA GARCIA HERNANDEZ** is hereby **prohibited** from removing the Children from the jurisdiction of this Court pending the merits hearing on the Verified Petition, and no person acting in concert or participating with Respondent (including Lorenza Hernandez Perez, Andrea García Hernández, and José Vazquez) shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of the Verified Petition. **IF CLAUDIA GARCIA HERNANDEZ REMOVES THE CHILDREN, OR CAUSES THE CHILDREN TO BE REMOVED, FROM THE JURISDICTION OF THIS COURT, A WARRANT FOR HER ARREST SHALL IMMEDIATELY ISSUE.**

(2)     **A merits hearing on the Verified Petition is scheduled for Tuesday, January 6, 2015 at 10:00 a.m. in Courtroom 1 of the McMillan Federal Building located at 401 West Evans Street, Florence, South Carolina 29501.**

It is further **ORDERED** that Respondent shall notify the Court and counsel for Petitioner in writing immediately of any change in her address. Respondent shall notify the Court and counsel for Petitioner if she retains counsel.

---

[2] To the extent necessary, the Court incorporates by reference the facts and legal basis for its Temporary Restraining Order as if repeated verbatim herein.

It is further **ORDERED** that the Clerk shall mail a copy of this Preliminary Injunction to Respondent at her address listed above, or at another address she may provide to the Court and counsel for Petitioner.

It is further **ORDERED** that counsel for Petitioner is directed to obtain a translation (from English to Spanish) of this Order. Once the translation is obtained, counsel for Petitioner is directed to file the translation together with a certificate from the translator certifying that the translation is fair and accurate. Upon filing of the translated Order and certificate by the translator, the Clerk shall mail a copy of the translated order to Respondent.

It is further **ORDERED** that Petitioner shall have an interpreter present for the merits hearing scheduled in this matter.

It is further **ORDERED** that the parties shall submit a proposed scheduling order as soon as Respondent can retain counsel; however, in the event that Respondent does not retain counsel, the parties should submit a proposed scheduling order as quickly as possible in order to provide the Court sufficient time to make necessary rulings on, among other things, determinations of foreign law under Rule 44.1, Federal Rules of Civil Procedure, logistical matters for remote testimony under Rule 43(a), and collateral or dispositive motions.

**IT IS SO ORDERED.**

                                                            s/ R. Bryan Harwell
                                                            R. Bryan Harwell
                                                            United States District Judge

November 7, 2014 at 10:30 A.M.
Florence, South Carolina