IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Fernando Contreras Alcalá, )<br>                              Petitioner, )<br>                                     )<br>vs.                                       )<br>                                     )<br>Claudia García Hernández, )<br>                           Respondent. )<br>                                     ) | Civil Action No.  4:14-cv-04176-RBH<br><br><br>**ORDER OF FORENSIC INTERVIEW** |

      Before the Court is the motion [ECF No. 56] of Petitioner Fernando Contreras Alcalá ("Petitioner") and Respondent Claudia García Hernández ("Respondent").  The parties have jointly requested that the Court enter an order requiring the children, F.C.G. and A.C.G. (collectively, the "Children"), to be forensically interviewed by an appropriate professional employed by a State Children's Advocacy Center.[1]  The parties request that the Court order the Children to be forensically interviewed to aid the parties in determining the applicability of any defense under the Hague Convention.[2]  Petitioner has represented to the Court that the Children's Advocacy Center is willing to conduct the forensic interview following the entry of an order from this Court.

      The parties have made this request in lieu of a request that the Court interview the Children *in camera* or appoint a guardian *ad litem* for the Children.  Additionally, the parties

---

[1] South Carolina Code Section 63-11-310 defines a Children's Advocacy Center as a center "which must coordinate a multi-agency response to child maltreatment and assist in the investigation and assessment of child abuse."  Among other things, these centers must provide "a neutral, child-friendly facility for forensic interviews . . . ."  S.C. Code Ann. § 63-11-310(A)(1).

[2] A forensic interview is an interview of a child by "a person specially trained to talk to children when there is a suspicion of abuse or neglect."  *State v. Kromah*, 401 S.C. 340, 737 S.E.2d 490, 499 (2013) (quoting *In re K.K.C.*, 728 N.W.2d 225, at *2 (Iowa Ct. App. 2006)).  "The job of the interviewer is not to provide therapy, but to collect facts."  *Id.* (citing *State v. Borden*, 986 So. 2d 158, 163 (La. Ct. App. 2008)).

have entered into certain stipulations [ECF No. 56] regarding the scope of the forensic interview and have agreed to waive certain evidentiary objections to the use of the forensic interview in the trial of this matter. In their stipulations filed with the Court, the parties have agreed to the procedure for the forensic interview, as well as to the topics to be discussed during the interview using the Child Advocacy Center's standard practices and procedures.

More specifically, the parties have outlined the following areas to be discussed during the interview:

- Any past or present physical, sexual, or psychological abuse and/or harm to the Children, as well as information regarding the Children's living situation in Mexico; however, this should not be construed so as to involve inquiry into the comparative socioeconomic standards of living in the United States versus Mexico.

- The current living arrangements of the Children, including their involvement in school, daycare, church, community, or extracurricular activities, the stability of their environment, their health, their understanding of the English language, their immigration status, their level of education, and their interactions with friends or family members in the locality.

- Any objection the Children have to being returned to Mexico, the grounds for that objection, and the extent to which the children can articulate the reasons for the objection and the understanding of the effect of such an objection.

- The extent to which the Children have discussed the litigation with either parent or their family members, or have otherwise been influenced or coached.[3]

In general, these topics correspond to possible defenses under Articles 12 and 13 of the Hague Convention. The parties have been careful, however, to narrowly tailor these topics to "not include any inquiry or determination of the best interests of the Children" as prohibited by the International Child Abduction Remedies Act. *See* 22 U.S.C. § 9001(b)(4) ("The Convention

---

[3] The parties have also agreed to submitting further topics to the forensic interview for discussion, so long as those topics are submitted prior to the conclusion of the forensic interview.

and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims.").

Moreover, Petitioner has reserved the right to later argue the applicability of these defenses, but has agreed to allow these topics to form a portion of the interview. Likewise, Respondent has reserved the right to later request that the Court appoint a guardian *ad litem* or conduct an *in camera* interview "in the event that the forensic interview fails to adequately provide the Court and parties with information necessary to support or defend against an applicable defense under the Hague Convention," with certain limitations.

## **CONCLUSION**

After careful review of the joint request of the parties, the Court hereby orders that the Children shall undergo a forensic interview as soon as one can reasonably be scheduled. This interview shall be conducted by an appropriate State Children's Advocacy Center using its standard practices and procedures, with certain modifications permitted by the joint stipulation of the parties. The forensic interview shall be used for the purposes outlined in the parties' stipulations filed with the Court. The parties shall obtain a translation and/or transcription of the interviews and shall file a copy with the Court under seal. This forensic interview shall be conducted in addition to any appointment of a guardian *ad litem* or *in camera* examination that the Court may later deem necessary.

 IT IS SO ORDERED.


                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

January 16, 2015
Florence, South Carolina