IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Fernando Contreras Alcalá, | ) | Civil Action No. 4:14-cv-04176-RBH-TER |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| Claudia García Hernández, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ALLOWING PETITIONER AND WITNESS TO APPEAR REMOTELY

Petitioner Fernando Contreras Alcalá ("Petitioner"), with the consent of Respondent Claudia García Hernández ("Respondent"), has requested that the Court allow him and his father, Antonio Contreras Monterosas ("Mr. Monterosas") to appear at trial telephonically or by live video (Skype) pursuant to Federal Rules of Civil Procedure Rule 43(a). {ECF No. 69.}[1] Based on the compelling circumstances of a Hague Convention trial, the Court finds that good cause exists to allow Petitioner and Mr. Monterosas to appear and testify remotely and, therefore, **GRANTS** Petitioner's Motion to Appear Remotely.

## FACTUAL BACKGROUND

On October 27, 2014, Petitioner filed his Verified Petition in the Federal District Court for the District of South Carolina located in Florence, South Carolina. As explained in the Verified Petition, Petitioner, a citizen of Mexico currently residing in Cosolapa, Oaxaca, Mexico, brought the federal court action to secure the return of his two children, F.C.G., his nine-year old son, and A.C.G., his two-year-old son (collectively the "Children"). Petitioner alleged that the

---

[1] Petitioner filed this Motion in furtherance of his Verified Petition filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 to 9011.

Children were, without his consent or acquiescence, wrongfully removed from Mexico and brought into the United States illegally by the children's mother, Respondent.

Because of his inability to be present in Court to testify, Petitioner filed the present Motion, requesting the Court permit him and Mr. Monterosas to testify, if necessary, by Skype or telephone under Rule 43(a). As good cause for permitting him to do so, Petitioner argued that he and Mr. Monterosas cannot travel because:

- They likely would be unable to obtain a passport or visa to travel to the United States, and;
- Both are financially unable to travel to the United States.[2]

Furthermore, Petitioner argued that appropriate safeguards would be present to ensure compliance with the mandates of Rule 43(a), such as his accurate identification by consular officials, his seclusion during the testimony to prevent outside influence, and his willingness to arrive early to test the technology involved so as to avoid interruptions during the trial.

## DISCUSSION

The drafters of the Hague Convention directed that "[t]he judicial . . . authorities of Contracting States shall act expeditiously in proceedings for the return of children." Hague Convention, art. 11. Because of this directive, Courts have adopted flexible procedural approaches to ensure that cases are handled expeditiously, including allowing remote testimony. Specifically, Rule 43(a) permits a court to take remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). Courts within this jurisdiction have applied Rule 43(a) to allow parties and witnesses to testify remotely. *United States v. Baker*, 45 F.3d 837, 843-44 (4th Cir. 1995); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471,

---

[2] Petitioner was granted leave to proceed in the District Court without prepaying costs in part because he makes roughly ten-thousand dollars per year, below the poverty guidelines.

480 (D. Md. 2010); *Edwards v. Logan*, 38 F. Supp. 2d 463, 466 (W.D. Va. 1999). Although a party's live testimony is generally the rule, an exception can be made in certain circumstances—the facts of this case present one such circumstance.

## A.     Good Cause in Compelling Circumstances

Courts applying Rule 43(a) have established several situations justifying a court in permitting remote testimony. One such situation is the inability to obtain a visa to enter the country. *See, e.g.*, *El–Hadad v. United Arab Emirates*, 496 F.3d 658, 668–69 (D.C. Cir. 2007) (finding remote testimony from Egypt appropriate when the witness could not obtain a visa to enter the United States); *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 187 (E.D.N.Y. 2010) (testifying from London because of the inability to obtain a visa), *aff'd*, 401 F. App'x 567 (2d Cir. 2010). Other justifications include the burden of international travel, *e.g.*, *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010),[3] and even the impact that traveling will have on one's business, *e.g.*, *Dagen v. CFC Grp. Holdings Ltd*, No. 00 CIV. 5682, 2003 WL 22533425, at *1 (S.D.N.Y. Nov. 7, 2003).

Coupled with the general relaxation of procedural rules to promote conformity with the overarching goals of the convention, *i.e.*, the expedient return of the children, sufficient cause exists for the Court to grant the Parties' request. First, Petitioner and Mr. Monterosas are likely unable to obtain a visa, both for reasons outside of their control and due to their indigent status. As explained by Sarah Buffet, an experienced immigration attorney who submitted a declaration in response to Petitioner's first request to testify remotely, Petitioner would be required to travel to the nearest consular office to apply for a visa. Once he arrived and paid the application fee, there is no guarantee that he would have received a visa. In fact, Buffett opines that is likely that

---

[3] This is especially true where the witness cannot afford to travel—in *Lopez*, the witness made the equivalent of only seven-thousand dollars per year. *Lopez*, 748 F. Supp. 2d at 480.

Petitioner would be denied a visa outright because of his limited financial resources. Furthermore, because Petitioner currently does not have a valid passport, he would not be able to even apply for the visa.

Therefore, the Court finds Petitioner and Mr. Monterosas' inability to obtain a visa and their financial inability to travel satisfies the "good cause in compelling circumstances" to permit their testimonies by Skype or telephone under Rule 43.

### B.     Appropriate Safeguards

The Parties have also shown that appropriate safeguards are in place. Fed. Rules Civ. P. 43(a). The advisory committee's notes to Rule 43(a) suggest that appropriate safeguards should be in place to ensure:

(1) Accurate identification of the witness;

(2) Protection against influence from persons present with the witness; and

(3) Accurate transmission.

Fed. R. Civ. P. Rule 43(a) advisory committee's note. Though scant case law is available on these "appropriate safeguards," several examples of procedures used to satisfy the rule include:

- Requiring that a notary identify the witness and swear that witness in remotely. *Mission Capital Works, Inc. v. SC Rests., Inc.*, No. C-07-1807, 2008 WL 5100313, at *1 n.12 (W.D. Wash. Dec. 3, 2008);

- Ensuring that the witness is alone in the room and has been provided with the documentary evidence in advance. *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 501 (Fed. Cl. 2010); and

- Requiring the movant to pay all costs associated with the remote testimony and requiring that it be tested with the Court's IT personnel prior to the trial it which it is used. *Monserrate v. K.K. Mach. Co.*, No. 10-3732, 2013 WL 1412194, at *4 (E.D.N.Y. Apr. 8, 2013).

In this case, the Parties have suggested that the following procedural safeguards could ensure that Petitioner and Mr. Monterosas' remote testimony will satisfy Rule 43(a):

- Petitioner and Mr. Monterosas will report to the Foreign Relations Secretary's local office in Córdoba, Veracruz, Mexico, on May 11, 2015, and May 12, 2015, by 8:30 AM EST;

- When at the appropriate local office, Petitioner and Mr. Monterosas will provide sufficient documentation to a consular official who will verify their identities with the Court prior to their testimony;

- Petitioner and his counsel will troubleshoot any problems with the technology in advance of the trial, and will work with the translator and Court/Consular staff to ensure that he and Mr. Monterosas can be heard and understood;

- Petitioner and Mr. Monterosas will testify separately, in a closed room, free of any outside influence (both in-person and through other technological means) on their testimonies;

- All documentary evidence presented to Petitioner and Mr. Monterosas will be marked prior to the trial and provided to them to facilitate their testimony; and

- Petitioner (through counsel) will pay any costs associated with the remote testimony.

The Court finds these proposals sufficient to ensure Petitioner and Mr. Monterosas are appropriately identified and will not be improperly influenced by outside sources during their testimonies.

## **ORDER**

Therefore, Petitioner and Mr. Monterosas may testify remotely at trial. It is hereby **ORDERED** that Petitioner's [Docket Entry #69] Motion to Appear Remotely is **GRANTED** as follows:

(1)     On May 11, 2015, and May 12, 2015, at 9:30 AM EST, Petitioner and Mr. Monterosas shall be permitted to testify by telephone from the Foreign Relations Secretary's Cordóba, Veracruz office, Av. 3, Calle 1, C.P. 94500, Cordóba, Veracruz (tel. 271-712-34-15), or another location approved by order of this Court.

(2)     Petitioner and Mr. Monterosas are to arrive at the Foreign Relations Secretary's local office in Córdoba, Veracruz, Mexico, on May 11, 2015, and May 12, 2015, by 8:30 AM

EST, so that they can confirm with Petitioner's counsel, consular staff, and courtroom staff that the technology is working properly such that all members present in the courtroom can hear and understand their testimonies.

(3) Petitioner and Mr. Monterosas shall provide sufficient identification to an appropriate consular official who will identify himself, Petitioner, and Mr. Monterosas to the Court prior to the trial.

(4) Petitioner and Mr. Monterosas shall testify from a closed room within the Foreign Relations Secretary's Cordóba office, and no other person shall be permitted to communicate with Petitioner or Mr. Monterosas during the proceedings, either in person or otherwise, unless that communication is on the record in open court.

It is further **ORDERED** that Petitioner's counsel or a member of the IT staff at his law firm shall contact the Clerk's Office to coordinate and confirm the logistics of the remote testimony.

**IT IS SO ORDERED.**


s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 27, 2015
Florence, South Carolina

6