IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Fernando Contreras Alcalá, ) | Civil Action No. 4:14-cv-04176-RBH |
| Petitioner, ) | |
| vs. ) | **ORDER GRANTING PETITIONER'S** |
| ) | **RENEWED MOTION FOR THE** |
| Claudia García Hernández, ) | **PAYMENT OF TRANSCRIPT COSTS** |
| Respondent. ) | **PURSUANT TO 28 U.S.C. § 753(f)** |
| ) | |

Following the filing of his Notice of Appeal [ECF No. 94] and the docketing of that appeal by the Fourth Circuit, *see* Case No. 15-2471 [ECF No. 2], Petitioner Fernando Contreras Alcalá has renewed his motion requesting that the Court enter an order certifying certain matters to enable him to obtain a transcript of the trial in this action pursuant to 28 U.S.C. § 753(f) [ECF No. 96]. In his motion, Petitioner notes that his indigence continues to preclude him from being financially able to pay for both the fees and costs associated with the prosecution of this case seeking the return of his children to Mexico. Furthermore, Petitioner asks that the Court certify that his appeal from this Court's Findings of Fact, Conclusions of Law, and Order [ECF No. 81] and Judgment [ECF No. 82] are not frivolous. Finally, he requests the Court to certify that the action involves a substantial or reasonably debatable question. *See* 28 U.S.C. § 753(f).[1]

Without taking a position on the merits of the action apart from this Court's prior orders, the Court concludes that Petitioner's appeal is not frivolous and that this case does present a substantial question. Therefore, the Court **GRANTS** Petitioner's motion.

## ANALYSIS

---

[1] Additionally, Petitioner requested the Court waive additional briefing for this motion in order to expedite its consideration. Concluding that the parties have already briefed this issue [ECF Nos. 84, 89, and 91], and there being no objection to relying on briefs already submitted, the Court concludes that further briefing is not warranted. Likewise, a hearing on this matter is unnecessary.

The Court Reporters Act, 28 U.S.C. § 753(f) states in relevant part that:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. . . . Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f). Based on this statute, a party must satisfy three elements to obtain a transcript for the purpose of appeal: (1) indigence; (2) certification that any appeal is not frivolous; and (3) certification that the litigation presents a substantial question. *Id.* The Court summarily finds that the first two prongs of the § 753(f) analysis are met due to the Court's prior ruling as to Petitioner's indigence and the nature of the issues raised during the trial of this case. Instead, the Court focuses its inquiry on the final prong of the analysis.

In the leading case in the Fourth Circuit on the issue of what constitutes a substantial question under § 753(f), the court noted that "[w]hat constitutes a substantial question in this context is not otherwise definitely defined. . . . Shortly stated, the phrase has been judicially thought to mean a substantial question exists where it is reasonably debatable." *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959); *accord Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y. 1976).[2]

Petitioner argues that this litigation involves several legal and factual issues on which reasonable minds can differ, including, in part: the weight to which a Court must give a respondent's immigration status and the extent to which the Children have created significant ties with the community. While the Court does not agree that the extent to which the Children

---

[2] This interpretation has also been adopted by the Fourth Circuit in numerous unpublished decisions. *See Barton v. Johnson*, 582 F. App'x 185, 186 (4th Cir. 2014) (per curiam); *Jones v. Young*, No. 96-7787, 1998 U.S. App. LEXIS 549 at, *2 (4th Cir. Jan. 14, 1998)

have created significant ties with the community is reasonably debatable, the Court acknowledges that the Fourth Circuit has not specifically addressed the weight a court must give to a respondent's immigration status. Moreover, the circuit courts of appeals that have addressed the issue have taken somewhat different approaches. *Compare Lozano v. Alvarez*, 697 F.3d 41, 45, 57 n.16 (2d Cir. 2012) (considering immigration status and giving weight to that status regardless of the threat of deportation), *aff'd*, 572 U.S. --, 134 S. Ct. 1224 (2014), *with In re B. Del C. S. B.*, 559 F.3d 999, 1010 (9th Cir. 2009) (stating "only in a case in which there is an immediate, concrete threat of removal can immigration status constitute a significant factor with respect to the question whether a child is 'settled'"). In the present case, the Court notes that it followed the more conservative approach adopted by the Second Circuit in *Lozano v. Alvarez*, 697 F.3d 41 (2d Cir. 2012), and considered the immigration status of the minor children as one of many factors in the Court's analysis of whether the minor children were well-settled in their new environment.

Considering the absence of a Fourth Circuit opinion addressing the weight given to immigration status in the context of the well-settled defense, and the different, nuanced approaches adopted by circuit courts of appeals that have addressed the issue, there is a substantial or reasonably debatable question presented by this appeal.

## CONCLUSION

Petitioner's counsel has already devoted considerable funds to pay for investigators, interpreters, and translators—all without passing these costs onto Petitioner. Thus, it would be inequitable to ask them to do the same for the transcripts, especially where a mechanism to obtain those transcripts exist. Therefore, the Court finds, concludes, and certifies that:

- The Court's prior order granting Petitioner indigent status [ECF No. 12] will not be rescinded by the Court for the purpose of any appeal, Fed. R. App. P. 24(a)(3)(A);

- Petitioner's decision to appeal the Court's judgment is not frivolous, *see* 28 U.S.C. § 753(f); and

- The case presents a substantial question subject to reasonable debate. *See id*; *Ortiz v. Greyhound Corp.*, 192 F. Supp. at 905; *see also Harlem River Consumers Cooperative*, 71 F.R.D. at 97.

Additionally, the Court **ORDERS** that the transcript fees in this action be paid by the United States out of money appropriated for that purpose.

**IT IS SO ORDERED.**

November 24, 2015                               s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                United States District Judge